IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Dale B. Adams | ) | |
| *Plaintiff* | ) | |
| v. | ) | Cause No. 20-cv-00377 (TNM) |
| Central Intelligence Agency (CIA) | ) | Dale B. Adams |
| CIA Director, Gina Haspel | ) | 2313 Anvil Drive |
| CIA FOIA Agent, Allison Fong | ) | Harrison, Arkansas, 72601 |
| *Defendants* | ) | T: (870) 517-9132 |

MOTION FOR A PRELIMINARY INJUNCTION OR

RESTRAINING ORDER AND BRIEF IN SUPPORT

   Pursuant to the Federal Rules of Civil Procedure and Arkansas Court Rules, Rule 65, plaintiff

Dale B. Adams moves this Court to grant this Motion for Preliminary Injunction or Restraining

Order and Brief in Support to halt unjust duress and irreparable harm. The defendants and other

components of the executive branch are causing plaintiff Dale B. Adams ongoing harm during

this proceeding warranting the extraordinary relief requested herein. In support plaintiff Dale B.

Adams (hereinafter as "Adams" or "plaintiff") now states;

Arkansas Judiciary, (Sept. 3, 2018), "Arkansas Court Rules, Rule 65. Injunctions and Temporary
    Restraining Orders" Arkansas Judiciary. Publicly available at https://www.arcourts.gov/rules-
    and-administrative-orders/court-rules/rule-65-injunctions-and-temporary-restraining-orders

LII Staff, (Feb. 2, 2018), "Rule 65 Injunctions and Restraining Orders" LII/Legal Information Institute. Cornell Law School. Publicly available at https://www.law.cornell.edu/rules/frcp/rule_65

1. Despite the Constitution and the Court, the nature of government remains the same

   "*In every stage of these Oppressions, We have Petitioned for Redress, in the most humble terms:  Our repeated Petitions, have been answered only by repeated injury …*"

Thomas Jefferson, (July 4, 1776), "The Unanimous Declaration of the thirteen United States of America (Declaration of Independence, 1776)" The Library of Congress, A Century of Lawmaking for a New Nation: U.S. Congressional Documents and Debates, 1774-1875. Journals of the Continental Congress, Volume 5, Page 513-514 of 856. Publicly available at https://memory.loc.gov/cgi-bin/ampage?collId=lljc&fileName=005/lljc005.db&recNum=98

2. The beauty of the First Amendment is that it allows people to resolve differences in a dignified and humane manner with the medium of the Court

3. The defendants fulfilled Dale Adams' FOIA requests in 1986 thus the Central Intelligence Agency (CIA) cannot claim any exemptions to those same records that they have previously released, thus they improperly withheld those records breaching FOIA

4. This Court issued an order for summons received by the United States Marshall's Service on the date of February 26, 2020 requiring the defendants to respond within 30 days yet they have not been served yet due to the coronavirus

5. Adams used to have 4 operable computers with exculpatory evidence and now only has 2 computers that work, due to computer hacking by the defendants last week

6. The defendants can get this case dismissed and incarcerate Adams for life by destroying exculpatory evidence eliminating rightful defenses which is irreparable harm of significant proportions and the defendants cannot claim an equal or more severe harm then what they are plotting for Adams, showing the Brady rule is insufficient

LII Staff, (April 23, 2020), "John L. Brady, Petitioner, v. State of Maryland, 373 U.S. 83 (83 S. Ct. 1194, 10 L. Ed. 2d 215)(1963)" LII/Legal Information Institute. Cornell Law School. Publicly available at https://www.law.cornell.edu/supremecourt/text/373/83

7. The Affidavit of Ongoing Harm to Dale B. Adams with Exhibits 1-6 display plaintiff being harassed by the defendants and others with no adequate remedy at law [Exhibit A]

8. The Motion for Preliminary Injunction should be granted because government officials are also engaged in the following to oppress plaintiff Adams;

   1) hacking into our computer to alter or delete documents,

   2) hacking into our computer to alter the document settings or index settings,

   3) hacking into our cell phones to harass Adams and his disabled wife,

   4) damaging our property outside our home including our vehicles,

   5) entering our home when we are away damaging property,

   6) deleting evidence on USB storage devices or disabling our speakers,

   7) hacking into our computer printer to alter our evidence,

   8) tampering with our incoming and outgoing United States mail,

   9) engaged in other unconscionable conduct to cause us intentional harm

9. The laws the defendants enacted are being abused by the Government to harass plaintiff Adams to prevent him from filing timely documents such as the Notice of Appeal in *Dale Adams v. Bob Dole, et al.*, Case No. 20-cv-477 (TNM)                    [Exhibit B]

10. The Executive alters and controls our life with these tactics and whatever law they operate under definitely abridges our First and invades our Fourth Amendment rights

11. Plaintiff Adams must hurdle the standards as set forth in *Dataphase Systems, Inc., v. C.L. Systems, Inc.*, 640 F. 2d 109, 114 (8th Cir. 1981) to obtain injunctive relief

   *"(1) the threat of irreparable harm to the movant;*
   *(2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant;*
   *(3) the probability that movant will succeed on the merits; and*
   *(4) the public interest.*"

District Judge Daniel L. Hovland, (August 1, 2016), "Order Granting Plaintiff's Motion for Preliminary Injunction" United States District Court for the District of North Dakota. Case 1:16-cv-008-DLH-CSM, (Doc 50). Pg. 5 Publicly available at https://vip.sos.nd.gov/pdfs/PreliminaryInjunctionCompliance/1%20Prelim%20inj%20order.pdf

12. Plaintiff Adams can hurdle these four prongs to obtain due and just relief;

1) Adams has acquired the malady of Fibromyalgia which is known to be caused by stress, such as noted above in paragraphs 5-9, being irreparable harm of chronic pain noted in the Affidavit About Physical Limitations of Dale B. Adams      [Exhibit C]

2) the defendants causing Adams financial, physical and mental trauma to limit or defeat First Amendment rights is well recognized as irreparable harm by the United States Supreme Court, and the defendants should not claim harm just for being required to honor Constitutional rights

3) Adams should succeed on the merits as the defendants stated they would comply with the FOIA request but instead violated the intent of Congress concealing important questions concerning First Amendment rights that are in the public interest

4) public interest is always better served when our government is transparent and abides by statutory, Constitutional and International law

Wherefore plaintiff Adams prays the Court will grant this motion for preliminary injunction or restraining order to halt unjust harm

Sincerely,

_____

Dale B. Adams
2313 Anvil Drive
Harrison, Arkansas, 72601
T: (870) 517-9132

4

BRIEF IN SUPPORT

13. As per the rules Adams has mailed a draft copy of this Motion for Preliminary Injunction or Restraining Order and Brief in Support to the defendants' legal counsel seeking permission to file this ("motion") on April 27, 2020, along with a copy of the summons, complaint and Standing Order for Cases Before Judge Trevor N. McFadden

14. Pursuant to the Federal Rules of Civil Procedure Rule 65 and the Arkansas Court Rules, Rule 65(a)(1) notice of this Motion for Preliminary Injunction or Restraining Order and Brief in Support has been served on all the defendants via legal counsel being provided a copy with electronic service via PACER on April 29, 2020

Arkansas Judiciary, (April 23, 2020), "Arkansas Rules of Civil Procedure, Rule 65 Injunctions and Restraining Orders" Arkansas Judiciary. Publicly available at https://rules.arcourts.gov/w/ark/arkansas-rules-of-civil-procedure#!fragment/zoupio-_Toc24029659/BQCwhgziBcwMYgK4DsDWszIQewE4BUBTADwBdoAvbRABwEtsB aAf X2zgCYAWABg4E4AbAFZ+ASgA0ybKUIQAiokK4AntADk6iREJhcCRcrWbtu-SADKeUgCE1AJQiAGUcA1AIIA5AMKOJpGAARtCk7GJiQA

15. Judicial Notice: Arkansas has a law making it illegal to copy Arkansas laws so the defendants and their accomplices hack into our computer to add long suffixes to these hyperlinks with scripts to alter web pages hoping Adams will mistype the citation so they can claim Adams made a law violation, which gives them an exception to violate our Fourth Amendment rights – to make our lives miserable, in the present and into the future

16. As per Arkansas Court Rules, cited above, reasonable detail shows the defendants are limiting plaintiff Adams' ability to express First Amendment rights to pursue this case and others with a prior restraint to free speech which establishes irreparable harm as held in *Richard J. Elrod v. John Burns*, 427 U.S. 347 (1976), "*We agree … [T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.*" (Citations omitted).

LII Staff, (June 28, 1976), "Richard J. Elrod, et al. v. John Burns, et al., 427 U.S. 347 (96 S. Ct. 2673, 49 L. Ed. 2d 547)(1976)" LII/Legal Information Institute. Cornell Law School. Publicly available at https://www.law.cornell.edu/supremecourt/text/427/347

17. Adams moves the court to enjoin the defendants, joint actors and their attorneys to halt this unjust harm and to comply with the rule of law respecting Constitutional rights

18. Our nation is experiencing an unprecedented disintegration of legal and ethical norms where our government has no legal or ethical limits to win at any cost and plaintiff Adams simply requests fair play as held in *Islamic Shura Council of S. Cal. v. FBI* ("*Shura Council I*"), No. 07-1088, 3 (C.D. Cal. April 27, 2011), "*The Government cannot, under any circumstance, affirmatively mislead the Court …*"

*"The Government argues that there are times when the interests of national security require the Government to mislead the Court. The Court strongly disagrees. The Government's duty of honesty to the Court can never be excused, no matter what the circumstance. The Court is charged with the humbling task of defending the Constitution and ensuring that the Government does not falsely accuse people, needlessly invade their privacy or wrongfully deprive them of their liberty. The Court simply cannot perform this important task if the Government lies to it. Deception perverts justice. Truth always promotes it."*

Lynch, Jennifer, (Nov. 21, 2011), "FBI Sanctioned for Lying About Existence of Surveillance Records" Electronic Frontier Foundation (EFF). Publicly available at https://www.eff.org/deeplinks/2011/05/fbi-chastised-court-lying-about-existence

Wherefore plaintiff Adams prays for the extraordinary relief of a preliminary injunction.

Sincerely,

_____

Dale B. Adams
2313 Anvil Drive
Harrison, Arkansas, 72601
T: (870) 517-9183
E: Dadams41@hotmail.com

<u>CERTIFICATE OF COUNSEL</u>

Pursuant to the local rules of this Court, plaintiff Adams certifies;

1. a draft copy of this Motion for Preliminary Injunction or Restraining Order and Brief in Support was emailed to the defendants' legal counsel for opposition on April 24, 2020 and sent a paper copy of this motion via certified U. S. mail restricted delivery with a copy of the Exhibits and Affidavits on April 27, 2020

2. the defendants and their legal counsel within the United States Department of Justice have been served electronic copies of this motion via Pacer

3. plaintiff Dale B. Adams has no corporate affiliations

4. a copy of the "*Standing Order for Cases Before Judge Trevor N. McFadden*" was served on the defendants via their legal counsel with a draft copy of this motion

5. Plaintiff Adams is operating in good faith seeking truth from the government


Signed on this 29th day of April, 2020


Sincerely,


_____
Dale B. Adams
2313 Anvil Drive
Harrison, Arkansas, 72601
T: (870) 517-9132
E: Dadams41@hotmail.com